IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REX C. RANDALL,

        Petitioner,

  v.

RICHARD IVES,

        Respondent.

Case No. 3:16-cv-00604-YY

FINDINGS AND RECOMMENDATION

Rex C. Randall
19084-081
Sheridan Federal Correctional Institution
P.O. Box 5000
Sheridan, OR 97378

    Attorney for Petitioner

Billy J. Williams
United States Attorney
Jared D. Hager, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

YOU, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the validity of his September 19, 2015 prison disciplinary hearing at FCI-Sheridan. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

### BACKGROUND

Petitioner is currently serving a 165-month sentence from the District of Utah for possessing methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). This case arises out of a September 6, 2015 random cell search at FCI-Sheridan where a Bureau of Prisons ("BOP") employee discovered two syringes between two lockers in petitioner's cell. Although petitioner and his cellmate denied ownership of the syringes, the correctional officer proceeded to write up an incident report. Declaration of Daniel Cortez, Att. 3.

On September 15, 2015, the Unit Disciplinary Committee ("UDC") referred the case for a disciplinary hearing with a Disciplinary Hearings Officer ("DHO"). Petitioner, represented by a staff member, appeared at his disciplinary hearing on September 19, 2015 where he denied participating in the charged conduct. The DHO summarized petitioner's oral statement as follows:

2 - FINDINGS AND RECOMMENDATION

> We were not given any documentation when we moved into the cell as to the contents of the cell. I was not aware that lockers were able to be removed. The cell is not secured so anyone could put those there. We were not given a copy of the report for several days. I did not search the cell.

Cortez Declaration, Att. 5, p. 1.

Petitioner also provided the DHO with a written statement as follows:

> Upon moving into the cell we were never afforded any sort of written documentation acknowledging the condition of the cell or its contents. We were unaware that the locker was not attached to the wall. It's not our responsibility to attach it. The cell door is unsecured throughout the day while both of us are at work. Anyone could come in or out of there and put anything they want in there without our knowledge. We both have grade 1 jobs, and apprenticeships, no discipline issues. We were both UA'd with negative results and had no track marks on us and no illegal substances were found in our property. I understand the seriousness of the situation but I believe that the totality of the evidence needs to be looked at. We have too much going for us as far as prison goes to be involved in that type of activity. We didn't put those in the cell and shouldn't be expected to take responsibility for them. We were also not served with a properly filled out write up for days, did not receive a UDC hearing for 12 days after the incident and were released from the SHU before ever even receiving the write up.

*Id* at 2-3.

3 - FINDINGS AND RECOMMENDATION

After considering the evidence, the DHO determined that petitioner was guilty of possessing drug paraphernalia in violation of Code 113. *Id* at 2-3. Accordingly, the DHO ordered that petitioner: (1) forfeit 41 days of good-conduct time; (2) be placed in disciplinary segregation for 15 days; and (3) lose his job assignment. The last two sanctions were suspended pending 180 days of clear conduct. *Id* at 4.

Petitioner appealed the DHO's decision, but the BOP denied these administrative appeals. The Government concedes that petitioner exhausted his available administrative remedies prior to filing this action.

Petitioner filed this habeas corpus case on April 8, 2016 and alleges that the DHO failed to consider all of the evidence introduced at the hearing in violation of petitioner's right to due process of law. Respondent asks the court to deny relief on the Petition because there was "some evidence" to support the DHO's decision. Although petitioner's supporting memorandum was due on September 9, 2016, he has neither filed such a brief nor communicated with the court in any way since paying the $5.00 filing fee on June 3, 2016.

## DISCUSSION

Petitioner asserts that due process entitled him to have all of his evidence of innocence considered. He specifically

4 - FINDINGS AND RECOMMENDATION

argues that the DHO failed to consider that: (1) petitioner asked for and received a full body search for needle marks, but none were discovered; (2) petitioner requested, and passed, a drug screening test; and (3) the syringes were found in a common area of his cell among dust and debris, and appeared to have been there much longer than the nine months petitioner and his cellmate had occupied the cell.

In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that due process during a prison disciplinary hearing requires that "some evidence" exist to support the findings made during such a hearing. *Id* at 455. The "some evidence" standard is met where "there is any evidence in the record that could support the conclusion reached by the [DHO]." *Hill*, 472 U.S. at 455-56. The "some evidence" standard does not require a DHO to give due consideration to all evidence. Instead, petitioner will prevail only if the record in this case is "so devoid of evidence that the findings of the . . . [DHO] were without support or otherwise arbitrary." *Id* at 457.

The record in this case reveals that the DHO relied upon several factors to find petitioner guilty of the charged offense, including: (1) the written account of the correctional officer who discovered the contraband; (2) a "photo sheet dated September 6, 2015, which depicts the syringes found in the cell

5 - FINDINGS AND RECOMMENDATION

of [petitioner]; (3) petitioner's oral statements; and (4) petitioner's written statement. Cortez Declaration, Att. 5, pp. 2-3. From that evidence, there is no dispute that a correctional officer found two syringes hidden between two lockers in the cell petitioner and his cellmate had occupied for nine months preceding the incident. Consequently, although petitioner believes the balance of the evidence does not justify his disciplinary conviction, there was "some evidence" to support the DHO's finding that petitioner was guilty of possessing drug paraphernalia. Because this is sufficient to satisfy due process, relief on the Petition should be denied.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be denied and a judgment should be entered dismissing this case with prejudice.

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the

response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 14th day of November, 2016.

/s/Youlee Yim You
Youlee Yim You
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION